paid his fare to Schenectady and was walking down the aisle with his grip to find a seat when the car suddenly jerked and threw him to the floor. He was taken from the car to the hospital and was found to have rather serious injuries. It is claimed by the defendant that the burden was upon the plaintiff to show what caused the trolley car to jerk. The trolley car was in charge of the defendant's servant and was owned by the defendant and the plaintiff established a *prima facie* case by showing that the jerk of the trolley car, while he was trying to get a seat, was hard enough to throw him to the floor causing his injuries and the judgment appealed from should be affirmed, with costs. Judgment appealed from affirmed, with costs. Crapser, Heffernan, Schenck and Foster, JJ., concur; Hill, P. J., dissents.

FARRIS CASSAB, Respondent, v. J. LEDLIE HEES, as Trustee of the Fonda, Johnstown and Gloversville Railroad Company, Appellant.— The motion is based on the combination question of plaintiff's earnings and whether or not the plaintiff was on relief. The plaintiff acknowledged at the time of the trial that he was on relief but he would not swear that he had been on relief before 1938. It is evident from the cross-examination of the plaintiff upon the trial that the defendant knew all about the plaintiff at the time of the trial, where he had worked and what had been the course of his life. That is clearly shown by the cross-examination conducted on behalf of the defendant. In the papers upon the motion for a new trial the plaintiff told about being employed by Mike Hawa and the location of his store and that he worked on a salary and commission, sometimes fifteen dollars and sometimes more. There is nothing in the papers for a new trial upon the ground of newly-discovered evidence that convinces the court that, with due diligence, the facts could not have been found out before hand. There is nothing to warrant the court in finding, if a new trial was granted, that the result would be different or that the new evidence would in any way change the result. Order is affirmed, with ten dollars costs and disbursements. Crapser, Heffernan, Schenck and Foster, JJ., concur; Hill, P. J., dissents.

In the Matter of the Application of the BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant, for an Order under Article 78 of the Civil Practice Act to Review the Decisions of ERNEST E. COLE, as Commissioner of Education of the State of New York, Respondent, Directing the BOARD OF EDUCATION OF THE CITY OF NEW YORK to Reinstate MARY B. C. BYRNE, Respondent.— This is an appeal by the Board of Education of the City of New York from an order of the Albany Special Term of Supreme Court dismissing the proceeding for an order to annul the determination of the State Commissioner of Education on an appeal pursuant to section 890 of the Education Law. Respondent had thirty-three years of teaching service in the city of New York when, in 1939, the appellant Board of Education dismissed her from service. She was directed to report for a physical examination to the Medical Division of the appellant Board of Education. She refused to appear for such examination but offered to consent to physical examination before the Medical Board of the New York City Teachers Retirement System. She also consented to be examined by her own physican. On her refusal to be examined as directed charges of incompetent and inefficient service and insubordination were preferred against the respondent and she was suspended without pay from that date. The only basis for said charges was the respondent's refusal to submit to a physical examination by the Medical Division